WATKINS, Judge.
This is a possessory action brought by Oneidas Dufrene and his wife, Verna Dou- *319 cet Dufrene, against Evans Chouest, et al.[1] (hereinafter called the Chouest group), possessors of a tract contiguous to the tract possessed by the Dufrenes at Galliano, La-fourche Parish, Louisiana. The trial court rendered judgment in favor of the Du-frenes, ordering the Chouest group to file a petitory action within thirty days. The Chouest group perfected this suspensive appeal.
The tract possessed by the Chouest group lies immediately above the tract possessed by the Dufrenes on Bayou La-fourche. For a long time, the Dufrene tract has been bounded by fences at the approximate limits of corporeal possession above and below. The fence above (that bounding the tract possessed by the Chouest group) has developed gaps in the course of years, where the barbed wire has fallen or where the posts supporting the barbed wire are missing.
The Chouest group had a survey made on the ground according to title by Marco Picciola, C.E., which placed the title limits of the Chouest tract below the upper fence line of the Dufrene tract. To run the survey, it was necessary for Mr. Picciola to enter the Dufrene tract to put down stakes through gaps in the fence, which was in disrepair, as we have stated. The Chouest group then proceeded to have a fence erected within the upper Dufrene fence. While the fence was being built, the Dufrenes consulted their attorney. Within one year after the Chouest fence was built, the Du-frenes filed the present possessory action.
In the pretrial memorandum, the Chouest group indicated an intention to call witnesses and introduce exhibits in evidence to show that title to the tract in dispute was held by the Chouest group. The Dufrenes filed a “Motion in Limine” to prevent the introduction of such evidence. The trial court granted the motion, and at trial, the Chouest group made no proffer of the evidence on title. However, counsel for the Dufrenes introduced the Dufrenes’ ti-tie, over objection of counsel for the Chouest group.
It appears to us that once title was presented by the Dufrenes, the matter of title was opened up, and the Chouest group should have been permitted to introduce their title. However, the present action is a possessory action, in which title is not an issue.
To maintain a possessory action, LSA-C. C.P. art. 3658 provides that a possessor must allege and prove that:
(1) He had possession of the immovable property or real right therein at the time the disturbance occurred;
(2) He and his ancestors in title had such possession quietly and without interruption for more than a year immediately prior to the disturbance, unless evicted by force or fraud;
(3) The disturbance was one in fact or in law, as defined in Article 3569; and
(4) The possessory action was instituted within a year of the disturbance.
One who possesses corporeally only a part of a tract to which he has title is considered constructively to possess the rest. However, one may possess corporeally without title. One may lose constructive possession by usurpation of possession by one who possesses corporeally. Norton v. Addie, 337 So.2d 432 (La.1976).
LSA-C.C.P. art.- 3657 reads as follows:
The plaintiff may not cumulate the pet-itory and the possessory actions in the same suit or plead them in the alternative, and when he does so he waives the possessory action. If the plaintiff brings the possessory action, and without dismissing it and prior to judgment therein institutes the petitory action, the posses-sory action is abated.
When, except as provided in Article 3661(l)-(3), the defendant in a possessory action asserts title in himself, in the alternative or otherwise, he thereby converts the suit into a petitory action, and *320 judicially confesses the possession of the plaintiff in the possessory action.
If, before executory judgment in a pos-sessory action, the defendant therein institutes a petitory action in a separate suit against the plaintiff in the possesso-ry action, the plaintiff in the petitory action judicially confesses the possession of the defendant therein.
In the present suit, the Chouest group seeks to convert the present posses-sory action into a petitory action by raising the question of title. Title is not a defense in a possessory action. If the Chouest group ever had constructive possession of the tract claimed by it, that possession was lost to the Dufrenes, who erected fences demarking the limits of possession by the Dufrenes and who ran cattle at least up to the fence line. The only assertion of corporeal possession of the Chouest group was when they caused a fence to be erected within the Dufrenes’ fence line. However, the Chouests’ fence was erected within one year of the time the present possessory action was filed. As a possessory action may be filed within one year of a disturbance of possession, the building of the Chouests’ fence does not bar the present possessory action. LSA-C.C.P. art. 3658.
In sum, the Chouest group sought to introduce evidence of title to show constructive possession, as they are expressly permitted to do under LSA-C.C.P. art. 3661. However, the Dufrenes’ corporeal possession usurped the constructive possession formerly allegedly enjoyed by the Chouest group.
The judgment of the trial court is affirmed, at appellants’ cost.
AFFIRMED.

. Namely Evans Chouest, Marion E. Calíais, Elizabeth E. Martin, Sherry E. Bergeron, Alice Hoffpauir, Rema Chouest, Abdon Chouest, Luke Chouest, Doris E. Sevin, Cathy D. Vaughan, Darren Daigle, and Mrs. Marie Gambarelle Chouest.